# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6520 | **DATE** | 4/9/2001 |
| **CASE TITLE** | Richard E. Ritacca vs. Abbott Laboratories | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's renewed motion to compel response to discovery [19-1] is granted as to all documents that Abbott is withholding on the basis of attorney-client privilege. Thus, the documents listed in Abbott's List of Documents Not Produced must be delivered to Ritacca.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | APR 1 0 2001 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | | |
| | | | 4/9/2001 date mailed notice |
| IS | courtroom deputy's initials | | IS mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

Document Number 28

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**APR 1 0 2001**

RICHARD E. RITACCA, )
                              )
        Plaintiff, ) Case No. 99 C 6520
                              )
v. ) Judge Blanche M. Manning
                              )
ABBOTT LABORATORIES, ) Magistrate Judge
                              )   Martin C. Ashman
        Defendant. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Richard Ritacca, filed a complaint against Defendant, Abbott Laboratories, seeking relief under the Americans with Disabilities Act for discrimination and Illinois common law for retaliatory discharge. Presently before this Court is the remainder of Ritacca's Renewed Motion to Compel,[1] which demands the production of certain documents in Abbott's possession. Abbott maintains that these documents are protected from disclosure by the attorney-client privilege. For the following reasons, Ritacca's motion is granted as to all documents that Abbott is withholding on the basis of attorney-client privilege.

---

[1] This Court ruled on some of the issues raised in Ritacca's Renewed Motion to Compel in open court on February 22, 2001. (See Tr. Oral Argument 2/22/01.)

## I. Background

The underlying dispute between Ritacca and Abbott contains an aberrant mix of intimate facts and upsetting allegations that makes for an engaging case: unauthorized Internet activity, doctored expense accounts, discrimination, and retaliation. Ultimately, the case boils down to the reason or reasons for Ritacca's termination of employment in February 1999. Ritacca propounds discrimination and retaliation, while Abbott posits poor job performance. The winner will be determined on a later day.

For now, we settle an intermediate but nonetheless just as contested issue -- what documents Abbott must turn over to Ritacca pursuant to a document request that Ritacca served on Abbott sometime prior to August 2000. At that time, Ritacca asked Abbott to produce any document in its possession that has a connection to the underlying litigation. Abbott responded by delivering a great quantity of documents to Ritacca, each stamped with its own Bates number. Importantly, not a single document request was specifically objected to on the basis of privilege.[2]

---

[2] Abbott did include a general objection in its response stating that "Abbott objects to the document requests to the extent they seek the disclosure of . . . confidential communications between Abbott and its counsel protected by the attorney-client privilege." (Def.'s Resp. Pl.'s First Request Produc. Docs. at 1.) This general objection appeared on the first page in the first paragraph. (See id.) Abbott only raised specific objections as required by Rule 34(b) to eight requests, and all of these specific objections were based on relevancy. (See id. at 6, 9-10, 12-13.)

After reviewing the documents, Ritacca determined that the document production was deficient in two ways. First, Ritacca believed that some responses were inadequate while others were nonresponsive. Second, Ritacca noticed that Abbott failed to verify that all documents responsive to Ritacca's request had been produced. Ritacca promptly conveyed these concerns to Abbott in a letter sent by facsimile on August 5, 2000, but, for one reason or another, Abbott took no immediate action.

When the parties met at a deposition on August 7, 2000, Abbott acknowledged receipt of the letter, but stated that it did not have an opportunity to investigate Ritacca's concerns. Two days later, no word came from Abbott, even though Ritacca asked Abbott to respond to the letter by that date. A telephone conference one week later also proved unproductive, with Abbott stating that it would not be in a position to address Ritacca's concerns until four days later. The four days came and passed without communication from Abbott regarding the issues raised in the letter.

Approximately one week later, however, Abbott contacted Ritacca to reschedule a deposition. On August 29, 2000, Ritacca telephoned Abbott to agree to the rescheduling and, additionally, to place another request with Abbott for a supplemental disclosure. Again, this request went unanswered.

A more thorough review of Abbott's document production, conducted during preparation for the rescheduled deposition, revealed another flaw: There were gaps in the sequence of the

Bates numbers on the documents. Ritacca instantly telephoned Abbott and left a voice-mail message specifying the missing Bates numbers and asking for an explanation. At the deposition that afternoon, Abbott responded that it did not receive the message in time to locate the missing documents, but Abbott informed Ritacca that the gaps in the Bates numbers resulted from Abbott's endeavor to remove duplicates from the document production. To verify this Ritacca asked Abbott to provide the duplicates. However, Abbott refused. Abbott also failed to provide Ritacca with any information regarding the August letter.

With a discovery cutoff date fast approaching (seven days away) and an apparent lack of cooperation from Abbott, Ritacca asked this Court to intervene. On October 3, 2000, this Court granted Ritacca's Motion to Compel in part and denied it in part. Some issues remained, but the parties believed that they could resolve those differences amicably. Consequently, the motion was continued.

Over the next two months discussions between the parties proved worthwhile, at least to an extent. Abbott supplemented its earlier document production.[3] But the documents that Abbott claimed were duplicates never made the trip. When asked why,

---

[3] Similar to its Response to Plaintiff's First Request for Production of Documents, Abbott's Supplemental Response to Plaintiff's First Request for Production of Documents only included a general objection on the ground of attorney-client privilege. (See Def.'s Supplemental Resp. Pl.'s First Request Produc. Docs. at 1.)

- 4 -

Abbott allegedly either remained silent or simply refused to deliver.

At a status hearing on December 11, 2000, Abbott informed Ritacca and this Court that Ritacca would receive *all* of the requested documents later that day. Abbott gave no indication that any documents would be withheld. Therefore, no further status dates were set and Ritacca's Motion to Compel was considered moot.

As Abbott promised, it delivered documents to Ritacca later that day. But to Ritacca's surprise, the duplicate documents were not delivered. They appeared by reference in a List of Documents Not Produced that Abbott subsequently filed with the court. Instead of being listed as duplicates, Abbott listed the documents as privileged. As a result, Ritacca filed a Renewed Motion to Compel, and yet another appearance was scheduled before this Court.

Ritacca's Renewed Motion to Compel contends, for purposes of this decision, that the documents listed in Abbott's List of Documents Not Produced are not privileged. First, Ritacca argues that Abbott failed to assert the attorney-client privilege in a timely and proper manner. Second, Ritacca contends that, even if Abbott timely and properly asserted the privilege, this Court should find that Abbott waived the privilege by misrepresenting the documents as duplicates or by disclosing the subject matter of the purportedly privileged documents in other documents. Because this Court agrees that Abbott failed to assert the

attorney-client privilege in a timely and proper manner, we grant Ritacca's motion on that ground alone.

## II. **Discussion**

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "any matter, not privileged, which is relevant to the subject matter involved in the pending action." However, as with nearly all provisions in the Rules, this limitation as to privileged documents is not self-executing. *See Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991); *Applied Sys., Inc. v. N. Ins. Co. of N.Y.*, No. 97 C 1565, 1997 WL 639235, at *2-3 (N.D. Ill. 1997). Instead, parties asserting an objection to discovery on the ground of privilege must present that objection in a timely and proper manner as defined by the Rules. *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984).

Rule 34(b) provides the starting point for a party seeking to object on the ground of privilege: parties served with a document request must respond within thirty days after service of the request; if any request is objected to, the reason for the objection must be stated. *See* Fed. R. Civ. P. 34(b). Next, Rule 26(b)(5) comes into play. This Rule requires the objecting party to expressly make the claim of privilege and "describe the nature of the documents, communications, or things not produced . . . in a manner that, without revealing information itself

privileged . . . will enable [the] other part[y] to assess the applicability of the privilege."

Failure to follow these Rules may result in waiver of the privilege. *See Marx*, 929 F.2d at 12; *Applied Sys., Inc.*, 1997 WL 639235, at *2-3; *Smith v. Conway Org.*, 154 F.R.D. 73, 76 (S.D.N.Y. 1994); 8 Charles Alan Wright et al., Federal Practice and Procedure § 2016.1, at 228-29 (2d ed. 1994). Although this result is not mandated by the Rules, the Advisory Committee contemplated the sanction. "To withhold materials without [providing notice as described in Rule 26(b)(5)] is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege . . . ." Fed. R. Civ. P. 26(b)(5) advisory committee's note (1993).

Acknowledging the harshness of a waiver sanction, courts have reserved the sanction for those cases where the offending party committed unjustified delay in responding to discovery. Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver. *See First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1361-63 (D. Kan. 1995) (collecting cases). In contrast, evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver. *See Marx*, 929 F.2d at 12; *Applied Sys., Inc.*, 1997 WL 639235, at *2-3. In the end, the determination of waiver must be made on a case-by-case basis.

In this case, Abbott's inexcusable and unjustified delay in asserting the attorney-client privilege warrants waiver. A few glaring facts highlight the propriety of this sanction.

First, Ritacca has aggressively pursued Abbott for the documents at issue since August 2000. Inevitably, this led to a Motion to Compel and several court appearances, not to mention numerous meetings and telephone conferences out of court. At no point from August 1, 2000, to December 11, 2000, did Abbott ever suggest that the documents were privileged.[4]

Second, the documents at issue only came to Ritacca's attention because Ritacca noticed that Bates numbers were missing from Abbott's first document production. This means that Abbott hand-picked the disputed documents from its collection and set them aside. Certainly it is safe to assume that Abbott reviewed the documents beforehand. And certainly it is fair to hold that Abbott should have asserted the attorney-client privilege at that time.

---

[4] As stated in open court, Abbott's general objections on the ground of attorney-client privilege, which appear in both of Abbott's discovery responses, are ineffective. (See Tr. Oral Argument 2/22/01; see also supra notes 2-3.) As courts have repeatedly pointed out, blanket objections are patently improper. See, e.g., Cotracom Commodity Trading Co. v. Seaboard Corp., No. Civ.A. 97-2391-GTV, 1998 WL 231135, at *1 (D. Kan. May 6, 1998) (finding general objections "worthless"); In re Shopping Carts Antitrust Litig., 95 F.R.D. 299, 305-06 (S.D.N.Y. 1982) (same). "This fact should no longer be 'news' to a responding party." Eureka Fin. Corp. v. Hartford Accident & Indem. Co., 136 F.R.D. 179, 182 (E.D. Cal. 1991). Hence, we treat Abbott's general objections as if they were never made. See Starlight Int'l, Inc. v. Herlihy, 181 F.R.D. 494, 497 (D. Kan. 1998).

Third, and most telling, is the fact that Ritacca listed each and every missing document by Bates number in his Motion to Compel, which Ritacca filed seven days before discovery closed. (*See* Pl.'s Mot. Compel at 4.) All Abbott had to do was look at the documents listed and respond. But Abbott didn't, until almost four months later. There is no excuse for such dilatory conduct. Perhaps that is why Abbott never endeavored to provide one. (*See* Def.'s Mem. Opp'n Mot. Compel.)

Fourth, the fact that Abbott misrepresented to Ritacca that the documents at issue were mere duplicates rather than attorney-client communications for over three months compels a finding of waiver. This gives the appearance of a stalling tactic, a measure undertaken to hide information from Ritacca as long as possible. Fairness requires that we hold Abbott to its misrepresentation.

And finally, even Abbott's belated and slipshod attempt at complying with Rule 26(b)(5) supports a finding of waiver. Rule 26(b)(5) expressly indicates that its purpose is to "enable other parties to assess the applicability of the privilege [asserted]." As evidenced by Ritacca's frustration with trying to assess Abbott's claims of privilege, which was shared by this Court, Abbott's List of Documents Not Produced comes nowhere close to hitting this mark.

Rather than pick through Abbott's List of Documents Not Produced -- which is apparently Abbott's privilege log -- and point out all of its shortcomings, we refer Abbott to Judge

Bobrick's decision in *Allendale Mutual Insurance Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992).[5] Abbott should find this decision highly informative. We do point out, however, that failure to provide the degree of specificity required by Rule 26(b)(5), by itself, could result in waiver.

In sum, Abbott's casual disregard for the discovery rules in this litigation can only be characterized as unjustified, inexcusable, and in bad faith. We have given due consideration to factors militating against finding waiver, but hold that none of them apply. *See Applied Sys., Inc.*, 1997 WL 639235, at *2-3. These factors were considered despite the fact that Abbott has never offered a reason for its delay or lackadaisical approach to Rule 26(b)(5). This is a clear case of foot-dragging; and Abbott's cavalier attitude towards discovery, an attitude we sharply discourage, warrants a finding of waiver.

### III. Conclusion

For the reasons stated, Ritacca's motion is granted as to all documents that Abbott is withholding on the basis of attorney-client privilege. Thus, the documents listed in

---

[5] "For *each* document, the log should identify the date, the author and *all* recipients, along with their capacities. The log should also describe the document's subject matter, purpose for its production, and a specific explanation of why the document is privileged or immune from discovery." *Allendale Mut. Ins. Co.*, 145 F.R.D. at 88.

Abbott's List of Documents Not Produced must be delivered to Ritacca.

**ENTER ORDER:**

*signature*

**MARTIN C. ASHMAN**

**Dated:** April 9, 2001.  United States Magistrate Judge

Copies have been mailed to:

| | |
|---|---|
| CHARMAINE E. DWYER, Esq.<br>225 West Washington Street<br>Suite 2200<br>Chicago, IL  60606 | ROBERT E. KINCHEN, Esq.<br>Albert, Whitehead, P.C.<br>10 North Dearborn Street<br>Suite 1990<br>Chicago, IL  60601 |
| Attorney for Plaintiff | Attorney for Defendant |